UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JIMMY SEE** | **CIVIL ACTION NO. 11-694-P** |
| **VERSUS** | **JUDGE WALTER** |
| **BOSSIER PARISH SHERIFF DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jimmy See ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on April 29, 2011. Plaintiff is currently incarcerated at the River Correctional Center, but was incarcerated at the Bossier Medium Security Facility in Plain Dealing, Louisiana, when he filed this complaint. He claims his civil rights were violated by prison officials. He names the Bossier Parish Sheriff Department, the Bossier Medium Security Facility, Rod Boyer, Lt. Causey, and the Louisiana Department of Corrections as defendants.

Plaintiff claims he was transferred to the Bossier Medium Security Facility on February 25, 2011. He claims that for 24 months he attempted to gain admittance into self-help re-entry programs. He claims the Bossier Medium Security Facility did not offer these programs or church services. He claims he requested to be sent to a facility that offered these

programs but his requests were denied.

As relief, Plaintiff seeks a transfer to a facility with re-entry programs.

For the following reasons, Plaintiff's civil rights complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

**Transfer Claims**

The United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated, and that a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Under Olim and Meachum, this Court has no authority to order the State to transfer Plaintiff to another prison. Furthermore, Plaintiff has been transferred to the River Correctional Center.

Accordingly, Plaintiff's request for a transfer to another facility should be dismissed with prejudice as frivolous.

**Injunctive Relief and Temporary Restraining Order Claims**

Plaintiff filed this complaint while incarcerated at the Bossier Medium Security Facility in Plain Dealing, Louisiana, alleging that his civil rights were violated by prison officials. He is currently incarcerated at the River Correctional Center in Ferriday, Louisiana. Plaintiff's transfer from the Bossier Medium Security Facility to the River Correctional Center has rendered his claims for injunctive relief moot. Herman v. Holiday,

238 F.3d 660, (5th Cir. 2001).

Accordingly, Plaintiff's request for injunctive relief and a temporary restraining order should be dismissed without prejudice as moot.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and that Plaintiff's claims for injunctive relief and a temporary restraining order are **DISMISSED WITHOUT PREJUDICE** as moot.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26 day of January 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE